916 F.2d 52
 Frank M. MERLINO, Robert D'Orazio Mandine Enterprises, Ltd.,
and Merora Enterprises, Ltd., Plaintiffs-Appellants,
v.
GETTY PETROLEUM CORP., Power Test Corp. (a Division of Getty
Petroleum Corp.), Joseph A. Ciatto, Howard F.
Stockfield, and Stockfield & Fixler,
Defendants-Appellees.
 No. 255, Docket 89-9184.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 2, 1990.
Decided Oct. 9, 1990.
 
 Diane W. Bando, New York City (Alan L. Fuchsberg, Jacob D. Fuchsberg Law Firm, New York City, on the brief), for plaintiffs-appellants.
 Linda Meisler, Garden City, N.Y. (Robert G. Del Gadio, Del Gadio & White, Garden City, N.Y., on the brief), for defendants-appellees Getty Petroleum Corp. and Power Test Corp.
 Matthew Jay Weiss, Uniondale, N.Y. (Carol R. Finocchio, Rivkin, Radler, Bayh, Hart & Kremer, Uniondale, N.Y., on the brief), for defendants-appellees Howard F. Stockfield and Stockfield & Fixler.
 Before FEINBERG, VAN GRAAFEILAND and KEARSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiffs Frank M. Merlino, et al., appeal from a final judgment of the United States District Court for the Southern District of New York, Robert W. Sweet, Judge, dismissing their complaint against defendants Getty Petroleum Corp. and its division, Power Test Corp. (collectively "Getty"), et al., for violation of the Petroleum Marketing Practices Act ("PMPA" or "Act"), 15 U.S.C. Secs. 2801 et seq. (1988), and for relief on various state-law claims, including breach of contract, fraud, and legal malpractice. 716 F.Supp. 773. The district court granted defendants' motion to dismiss plaintiffs' PMPA claim for lack of federal subject matter jurisdiction, ruling that the PMPA did not apply because none of the defendants is a petroleum refiner. The court declined to exercise pendent jurisdiction over plaintiffs' state-law claims, and hence dismissed the entire complaint. On appeal, plaintiffs urge us to reverse on the ground that Getty should be deemed a "de facto " refiner within the meaning of the Act. We have considered all of plaintiffs' arguments and conclude that they are without merit substantially for the reasons stated by Judge Sweet in his opinion dated July 6, 1989. We would add only the following with regard to the PMPA.
 
 
 2
 Though none of the defendants is a refiner, one part of the Act's definition of "franchise" might, in the proper circumstances, make the Act applicable to a distributor that is not a refiner. That term includes not only contracts where one of the parties is a refiner, but also contracts solely between distributors and retailers, if the distributor authorizes the retailer to sell motor fuel under "a trademark which is owned or controlled by ... a refiner which supplies motor fuel to the distributor...." 15 U.S.C. Sec. 2801(1)(A). Under this provision, though Getty is a distributor and not a refiner, the Act would be applicable, thereby giving the court jurisdiction, if the trademark of the products distributed by Getty were owned or controlled by a refiner that supplied those products to Getty.
 
 
 3
 It is undisputed, however, that the trademark pertinent here is owned and controlled by Getty and not by a refiner. The above provision therefore is not applicable.
 
 
 4
 Finally, as Judge Sweet noted, the PMPA was designed to regulate the marketing practices of large, vertically integrated oil companies. We see no indication that Congress intended to reach non-integrated entities such as non-refiner-distributors who control their own trademarks. Thus, we decline plaintiffs' invitation to deem Getty a de facto refiner and thereby expand the reach of the Act to encompass Getty.
 
 
 5
 The judgment dismissing the complaint is affirmed. Getty's motion for sanctions in connection with this appeal is denied. Costs to defendants.